IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. NAYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | **08 C 634** |
| | ) | **JUDGE ZAGEL** |
| | ) | **MAGISTRATE JUDGE BROWN** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, David A. Nayak ("Mr. Nayak" or "Plaintiff"), by the undersigned counsel, brings this Complaint against Defendant, the National Board of Medical Examiners ("NBME" or "Defendant"), and states as follows:

## INTRODUCTION

1. This is an action for injunctive and declaratory relief pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA") based on Defendant's refusal to provide Plaintiff with reasonable testing accommodations to take the United States Medical Licensing Examination ("USMLE") Step 1.

2. Mr. Nayak has been diagnosed with Attention Deficit Hyperactivity Disorder, Hashimoto's Thyroiditis, and Chronic Fatigue Syndrome, secondary to Chronic-Reactive Mononucleosis. These conditions substantially limit Mr. Nayak in a variety of major life

activities, including his abilities to read, concentrate and think in comparison to most people and thus, these are disabilities under the ADA.

      3.      Mr. Nayak is currently a medical student at the University of Illinois at Chicago – College of Medicine ("UIC"). In April of 2007, while completing his second year of medical school at UIC, Mr. Nayak requested reasonable testing accommodations from the NBME to take the USMLE Step 1 based upon his disabilities.

      4.      The testing accommodations Mr. Nayak requested for the USMLE Step 1 include: extended test taking time (double time), an isolated testing environment, and appropriately monitored break periods. These testing accommodations are directly related to Mr. Nayak's disabilities and are necessary to ensure that Mr. Nayak's score on the USMLE Step 1 reflects his true capabilities rather than his disabilities.

      5.      Mr. Nayak submitted substantial documentation to the NBME reflecting the nature and extent of his disabilities in support of his requested testing accommodations. However, in October of 2007, the NBME refused to grant Mr. Nayak his requested accommodations and instead granted him the inadequate, and hence unreasonable, accommodation of "additional break time."

      6.      On November 16, 2007, Mr. Nayak submitted a final appeal to the NBME for reconsideration of its decision to disallow reasonable testing accommodations related to his disabilities.

      7.      On December 3, 2007, Mr. Nayak received the NBME's rejection of his final appeal for reconsideration of its decision to disallow reasonable accommodations related to his disability.

8.  Mr. Nayak is currently registered to take the USMLE Step 1 on Febary 21, 2008, which is quickly approaching. Mr. Nayak must take the USMLE Step 1 in order to begin his third year of medical school in March of 2008, and in order to continue with his third year, he must pass the USMLE Step 1.

9.  The Defendant's denial of Mr. Nayak's request for reasonable testing accommodations violates the ADA. Mr. Nayak seeks injunctive relief to prevent Defendant from continuing to violate the ADA and to require Defendant to provide Mr. Nayak his requested reasonable testing accommodations on the USMLE Step 1.

## PARTIES

10. Plaintiff, David A. Nayak, resides in Chicago, Illinois. Mr. Nayak is enrolled as a medical student at UIC and has successfully completed his first and second years of medical school.

11. Defendant, National Board of Medical Examiners, is an independent, not-for-profit organization that provides standardized licensing examinations for the medical profession, including the USMLE Step 1, throughout the United States and in the State of Illinois, including the Northern District of Illinois. The NBME's offices and principal place of business are located in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and 42 U.S.C. § 12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions by any person being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

13.     Venue in this District is proper under 28 U.S.C. § 1391(b)(1) in that the acts of discrimination complained of and resultant injuries are occurring and will continue to occur in this District because the Defendant resides in (i.e., is subject to personal jurisdiction in) this District.

## FACTS

**I.      Plaintiff's Disabilities.**

14.     Mr. Nayak was diagnosed with Attention Deficit Disorder ("ADD") in August of 1997.  Since then, Mr. Nayak has repeatedly been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") in 2001, 2002, and 2007.

15.     As a result of his ADHD, Mr. Nayak has consistently experienced substantial limitations with reading, concentrating and thinking in comparison to most people.

16.     As a result of his ADHD, Mr. Nayak spends extremely long periods of time to complete academic assignments and work that involves reading.  Mr. Nayak constantly re-reads words in order to understand their meaning and must spend substantially more time than his non-disabled peers to complete academic assignments.

17.     Mr. Nayak's limited ability to read, concentrate and think directly and significantly impacts his daily life.  As a result of his ADHD, Mr. Nayak must spend an inordinate amount of time reading written information in order to understand and synthesize the information.

18.     In high school, Mr. Nayak took academic examinations without the accommodations of extended time and an isolated testing environment and, because of his ADHD, he was not able to perform to his true abilities.

19. After being diagnosed with ADHD in high school, Mr. Nayak began taking medication for his ADHD and requesting and receiving testing accommodations.

20. Throughout high school, college and medical school, Mr. Nayak requested and received testing accommodations based upon his ADHD. Specifically, Mr. Nayak requested and received testing accommodations on standardized college and medical school entrance examinations, and on high school, college and medical school exams. Mr. Nayak received testing accommodations in the forms of extended time (including un-timed, double-time, and time and a half) and isolated testing environments. These testing accommodations allowed Mr. Nayak to perform to his true abilities and his standardized examination scores improved.

21. Mr. Nayak has been prescribed medication to address the effects of his ADHD and currently takes such medication. Although he takes medication that alleviates certain of his ADHD symptoms, he remains substantially limited in a variety of major life activities, including reading, concentrating and thinking.

22. In October of 2005, Mr. Nayak began experiencing symptoms of extreme malaise, hyper-somnolence, lack of focus and energy, muscle weakness and intolerability to cold temperature. These symptoms were diagnosed as Hashimoto's Thyroiditis ("Hashimoto's") and Acute Mononucleosis. Mr. Nayak was prescribed 100 mcg of Synthroid, PO, daily to treat this illness, and he continues to take this medication to the present date.

23. In July of 2006, Mr. Nayak again began experiencing continuous extreme fatigue and suffered a dramatic unintentional weight loss (30 pounds in a three month period). These symptoms were diagnosed as Chronic Fatigue Syndrome, secondary to Chronic-Reactive Mononucleosis ("Chronic Mono").

24. Mr. Nayak has active symptoms of Hashimoto's and Chronic Mono. Mr. Nayak's current physical state reflects these results, as he continues to battle fatigue and to struggle with maintaining focus and energy on a daily basis despite the medication he is taking.

25. Pursuant to the ADA, a person has a disability if he or she has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

26. Mr. Nayak has disabilities as defined by the ADA because he has the physical and mental impairments of ADHD, Hashimoto's and Chronic Mono that substantially limit a variety of major life activities, including reading, concentrating, thinking and working.

27. Mr. Nayak's deficient abilities in reading, concentrating and thinking specifically impair the condition, manner, and duration under which he is able to perform these major life activities in comparison to most people.

28. Passing the USMLE Step 1 is a requirement of becoming a duly licensed medical doctor. Furthermore, residency programs use USMLE Step 1 scores to determine eligibility to be admitted into such programs. Mr. Nayak seeks to become licensed as a medical doctor and to obtain a residency in the highly competitive areas of internal medicine, emergency medicine or neurology.

29. Residency programs will use Mr. Nayak's score on the USMLE Step 1 to determine whether he is a qualified candidate for their programs. Thus, the consequence of a failing or low score is that Mr. Nayak may be excluded from selection to residency programs he has the true ability to enter.

30. With respect to the USMLE Step 1, Mr. Nayak's disabilities substantially limit his ability to take the USMLE Step 1 in comparison to other second year medical students.

31. If Mr. Nayak is denied reasonable testing accommodations on the USMLE Step 1, it is likely that he will fail the examination as a result of his un-accommodated mental and physical disabilities. Thus, Mr. Nayak will be substantially limited in the major life activity of "working". Mr. Nayak will be precluded from performing any of the broad class of jobs that require a medical degree.

32. If Mr. Nayak is denied reasonable testing accommodations on the USMLE Step 1 and receives a low but passing score, he will be precluded from eligibility to enter into the residency programs he is truly qualified for.

## II.     Defendant's Violation of the ADA.

33. The ADA specifically prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1. 42 U.S.C. § 12189.

34. As the administrator and provider of the USMLE Step 1, a professional licensing examination, the NBME is covered by the ADA. 42 U.S.C.§ 12189.

35. Pursuant to the ADA, the NBME is required to offer the USMLE Step 1 "in a place and manner accessible to persons with disabilities or to offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

36. ADA Regulations provide that testing accommodations for professional examinations "may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(1)(i).

37. The NBME's refusal to provide Mr. Nayak's requested testing accommodations is a refusal to offer the USMLE Step 1 to Mr. Nayak in a place and manner accessible to him or to offer him alternative accessible testing arrangements.

38. Pursuant to ADA regulations, when professional examinations are administered to individuals with disabilities, the examinations must be administered so as to accurately reflect the individual's aptitude or achievement level rather than his or her impairment. 28 C.F.R. § 36.309(b)(1)(i).

39. The NBME's refusal to provide Mr. Nayak's requested testing accommodations in administering the USMLE Step 1 is a refusal to allow Mr. Nayak to take the USMLE Step 1 in a manner accessible to him such that the examination reflects his aptitude or achievement level rather than his impairment.

40. Because of the NBME's refusal to grant Mr. Nayak reasonable testing accommodations for the USMLE Step 1, the NBME is in violation of § 12189 of the ADA.

41. By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has violated § 12182(a) of the ADA by discriminating against an individual with a disability in the full and equal enjoyment of the services, facilities, and accommodations it offers.

42. By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has denied Mr. Nayak the opportunity to participate in and benefit from the services, facilities, and accommodations it provides to other medical students on an equal basis with those students, in violation of § 12182(b)(1)(A)(i) of the ADA.

43. By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has violated § 12182(b)(2)(A)(ii) of the ADA in refusing to make reasonable modification of its policies, practices, and procedures, when such modifications are necessary to afford such services to Mr. Nayak as a result of his disabilities.

**DECLARATORY RELIEF**

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 herein as set forth in their entirety.

45. The Declaratory Judgment Act authorizes a federal court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

46. In this case, there is a substantial controversy between Plaintiff and Defendant. Plaintiff and Defendant have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47. There is an actual controversy between Plaintiff and Defendant regarding whether Defendant can refuse reasonable testing accommodations under the ADA to Plaintiff on the USMLE Step 1.

48. The controversy is sufficiently immediate given that Plaintiff must take the USMLE Step 1 on Febrary 21, 2008 in order to begin his third year of medical school at UIC in March of 2008.

49. Defendant's actions in denying Plaintiff reasonable testing accommodations on the USMLE Step 1 will irreparably harm Plaintiff if allowed to continue. Postponing a decision regarding the legality of Defendant's actions would cause substantial hardship to Plaintiff.

50. A declaratory judgment that Defendant is in violation of the ADA will serve a useful purpose in clarifying and settling the dispute at issue.

51. A declaratory judgment that Defendant is in violation of the ADA will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to Plaintiff's action against Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1)      Declare that Plaintiff is an individual with a disability under Title III of the ADA, who is entitled to the reasonable modification of double time in an isolated testing environment with appropriately monitored break periods to take the USMLE Step 1, as well as any other examinations offered and conducted by the Defendant;

2)      Declare that Defendant is in violation of the ADA by refusing to provide Plaintiff reasonable testing accommodations on the USMLE Step 1;

3)      Enjoin the Defendant, or those acting as agents or in concert with it, from committing or causing violations of the ADA by refusing to provide the Plaintiff with reasonable testing accommodations on the USMLE Step 1;

4)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of double the amount of time to take the USMLE Step 1 that is provided to non-disabled medical students;

5)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of an isolated testing environment to take the USMLE Step 1;

6)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of appropriately monitored break periods during the USMLE Step 1;

7)      Order the Defendant to pay all the costs of litigation, including attorney's fees, pursuant to 42 U.S.C. § 12205; and

8)      Provide such other relief as the Court may deem necessary and just.

Dated:  January 29, 2008

Respectfully Submitted,

*/s/ Karen I. Ward*
*/s/  Mary E. Gardner*
Mary E. Gardner
John A. Litwinski
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, IL  60606-5096
Telephone:  312.372.2000
Facsimile:   312.984.7700

Karen I. Ward
Equip for Equality
20 N. Michigan, Suite 300
Chicago, Illinois 60602
Telephone:  312.341.0022
Facsimile:   312.341.0295

*Attorneys for Plaintiff David A. Nayak*