IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. NAYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 634 |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | Hon James B. Zagel |
| | ) | |
| | ) | Magistrate Judge Brown |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO SET EXPEDITED DISCOVERY AND TRIAL SCHEDULE**

Defendant, National Board of Medical Examiners ("NBME"), is willing to confer expeditiously with Plaintiff for the purpose of establishing a reasonable schedule for appropriate discovery and a proposed trial date. However, it opposes Plaintiff's motion for a discovery period of only 60 days for the following reasons:

*First*, even a cursory review of the materials Plaintiff submitted to this Court in connection with his now-withdrawn motion for preliminary injunction demonstrates that more than 60 days is necessary to conduct adequate discovery in this matter. While Plaintiff may be willing to limit his discovery efforts, NBME is being asked to respond to submissions that encompass the diagnoses of twelve individual medical professionals, Plaintiff's academic performance at five different schools and various accommodations allegedly granted by three separate testing entities, all spanning a period of eleven years. Given the evidence Plaintiff has offered this Court, NBME regrettably cannot agree with Plaintiff's estimate that NBME "will need to take depositions of no more than three to four witnesses."

*Second*, Plaintiff does not merely seek accommodations for Step 1 of the United

States Medical Licensing Examination ("USMLE"), a test that he says he wants to take some time in May 2008. Rather, Plaintiff seeks a declaration that he is entitled to "appropriate testing accommodations" on *all* further examinations "offered or conducted" by NBME.[1] *See* Pl. Motion, ¶ 1. Putting aside the advisory nature of such a request as it relates to "all further examinations," Plaintiff's assertion clearly reveals that he is seeking wide-ranging relief with important implications for both parties for years into the future. NBME, therefore, submits that it is entitled to adequate time to explore the factual bases for Plaintiff's claims.

*Third*, Plaintiff, who is a second-year medical student at the University of Illinois at Chicago College of Medicine ("UIC"), does not explain why he must take the USMLE Step 1 examination before the end of his current leave of absence from UIC, which he claims will end on May 31, 2008. Nor does he point to anything in the over 200 pages of documents he submitted with his now-withdrawn motion for preliminary injunction that would support the connection he makes between the end of his leave and the Step 1 examination. Rather, Plaintiff asserts two apparently independent facts—his leave ends on May 31, 2008 and he must take the Step 1 test to finish his medical studies, *see* Pl. Motion at 3, ¶ 8—and then leaps to the conclusion that trial must be held prior to May 31 so that he can also take the examination before that date. *See id.* ¶ 13.

NBME has not placed any restrictions on when Plaintiff may take the test. While his current permit allows him to take Step 1 any time prior to the end of March 2008, if he chooses he may re-register for another three-month window. *See* USMLE Bulletin of Information, Exhibit A, at 15; *see also* http://www.nbme.org/programs-services/medical-

---

[1] In addition to Step 1, NBME also administers the other examinations, including Step 2, Step 2 Clinical Skills and Step 3 of the USMLE, that Plaintiff will have to take as part of his medical licensure requirements. *See* http://www.usmle.org/examinations/index.html.

students/USMLE.html. Therefore, it is misleading to suggest that he needs any dispensation from NBME to take Step 1 after the end of March. In fact, students are free to register for any three-month time period to take Step 1 and can schedule the examination at their convenience on virtually any day during the year. *See* USMLE Bulletin of Information, Exhibit A, at 15, 17.[2]

Thus, Plaintiff will suffer no harm if this case is tried after May 31, 2008. Plaintiff has alleged only that May 31 is currently scheduled to mark end of his leave. Originally, his leave was scheduled to end on December 31, 2007 but after Plaintiff requested an extension, the end-date of his leave was extended to May 31, 2008. *See* Affidavit of David A. Nayak, attached to Plaintiff's Emergency Motion for Preliminary Injunction, at 8, ¶41. In a related context, courts have recognized that a mere delay in educational opportunities does not warrant expedited measures such as a preliminary injunction. *See, e.g.*, *Baer v. Nat'l Bd. of Med. Exam'rs*, 392 F. Supp. 2d 42, 49 (D. Mass. 2005); *see also Dogon v. Nat'l Bd. of Med. Exam'rs*, No. 98-10967-PBS (D. Mass. June 10, 1998) ("Mere inconvenience of rescheduling [Plaintiff's] clinical rotations in his third year of medical school or the rigor of taking the [Step 1 exam at a later date] do not amount to irreparable harm."), attached hereto as Exhibit B. The same principles are applicable to Plaintiffs' request for expedited proceedings and support a denial of his motion.

*Finally*, NBME notes that it and the public have a significant interest in insuring that the USMLE examination is administered in a manner that fully protects its integrity. The NBME must administer the examination under standard conditions that give no examinee an unfair advantage. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88–89 (2d Cir. 2004) ("As administrator of the national exam used by a number of states for licensing medical doctors, the

---

[2] Plaintiff also assumes this matter can be tried, the Court can render a decision, and all related logistics concerning his requested accommodations can be resolved prior to the end of May. NBME submits the procedural and practical logistics of this case make meeting this compressed schedule unlikely.

3

National Board has a duty to ensure that its examination is fairly administered to all those taking it."). The objective of NBME testing is different from that of the MCAT or medical school tests because the latter set standards for performance as a medical student, not as a physician. The public relies on and expects the USMLE examinations to be fairly, rigorously, and uniformly administered.

These considerations argue against proceeding in an unnecessarily hasty fashion, particularly given Plaintiff's failure to identify any countervailing considerations that support his request for an expedited proceeding.

## **CONCLUSION**

In light of the extensive factual record Plaintiff wishes to have this Court examine, the wide-ranging nature of the requested relief, and the lack of any immediate harm to Plaintiff, NBME prays that this Court should deny Plaintiff's motion for expedited discovery and an expedited trial date. The parties should be directed to confer regarding a reasonable schedule and report back to the Court within such time frame as the Court deems appropriate.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL EXAMINERS


By:  /s/ Joseph J. Torres
       One of Its Attorneys

Joseph J. Torres
Aviva Grumet-Morris
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois
(312) 558-5600 (telephone)
(312-558-5700 (facsimile)
jtorres@winston.com
agmorris@winston.com

4

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Defendant, National Board of Medical Examiners, hereby certifies that on February 11, 2008, a true and correct copy of the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO SET EXPEDITED DISCOVERY AND TRIAL SCHEDULE was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mary Elisabeth Gardner (mgardner@mwe.com)
John Andrew Litwinski (jlitwinski@mwe.com)
Karen I. Ward (Karen@equipforequality.org)

/s/ Joseph J. Torres
Joseph J. Torres

CHI:2044779.3