## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINIOS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. NAYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 634 |
| | ) | |
| NATIONAL BOARD OF | ) | Hon. James B. Zagel |
| MEDICAL EXAMINERS, | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, National Board of Medical Examiners ("NBME"), hereby answers the

Complaint of Plaintiff, David A. Nayak ("Plaintiff"), as follows:

## Paragraph 1

> This is an action for injunctive and declaratory relief pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA") based on Defendant's refusal to provide Plaintiff with reasonable testing accommodations to take the United States Medical Licensing Examination ("USMLE") Step 1.

**ANSWER:**

NBME admits that Plaintiff purports to bring this action for injunctive and

declaratory relief pursuant to the Americans with Disabilities Act ("ADA") but denies that it has

refused to provide Plaintiff with a "reasonable testing accommodation" to take Step 1 of the

USMLE.  Answering further, NBME denies that Plaintiff is entitled to any of the relief that he

seeks and denies that it has in any way violated the ADA.

## Paragraph 2

> Mr. Nayak has been diagnosed with Attention Deficit Hyperactivity Disorder, Hashimoto's Thyroiditis and Chronic Fatigue Syndrome, secondary to Chronic-Reactive Mononucleosis. These conditions substantially limit Mr. Nayak in a variety of

major life activities, including his abilities to read, concentrate and think in comparison to most people and thus, these are disabilities under the ADA.

**ANSWER:**

In response to the first sentence of Paragraph 2, NBME admits Plaintiff has submitted documentation to NBME indicating that he has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), Hashimoto's Thyroiditis and Chronic Fatigue Syndrome, secondary to Chronic-Reactive Mononucleosis. Answering further, NBME states that the second sentence of Paragraph 2 states a legal conclusion to which no answer is required. To the extent the second sentence can be read to contain any factual allegations, NBME denies same and denies the remaining allegations of Paragraph 2.

## Paragraph 3

Mr. Nayak is currently a medical student at the University of Illinois at Chicago-College of Medicine ("UIC"). In April of 2007, while completing his second year of medical school at UIC, Mr. Nayak requested reasonable testing accommodations from the NBME to take the USMLE Step 1 based upon his disabilities.

**ANSWER:**

NBME admits that Plaintiff has represented he is currently a medical student at UIC. NBME further admits that in or around April 2007, Plaintiff requested testing accommodations from NBME to take the USMLE Step 1 exam. NBME denies the remaining allegations of Paragraph 3.

## Paragraph 4

The testing accommodations Mr. Nayak requested for the USMLE Step 1 include: extended test taking time (double time), an isolated testing environment, and appropriately monitored break periods. These testing accommodations are directly related to Mr. Nayak's disabilities and are necessary to ensure that Mr. Nayak's score on

the USMLE Step 1 reflects his true capabilities rather than his disabilities.

**ANSWER:**

NBME admits that Plaintiff requested the accommodations set forth in the first sentence of Paragraph 4. NBME denies the remaining allegations of Paragraph 4.

## Paragraph 5

Mr. Nayak submitted substantial documentation to the NBME reflecting the nature and extent of his disabilities in support of his requested testing accommodations. However, in October of 2007, the NBME refused to grant Mr. Nayak his requested accommodations and instead granted him the inadequate, and hence unreasonable, accommodation of "additional break time."

**ANSWER:**

NBME admits that by letter dated October 2, 2007, it granted Plaintiff an accommodation of "additional break time" and also admits that it denied Plaintiff's request for other testing accommodations. NBME denies the remaining allegations of Paragraph 5.

## Paragraph 6

On November 16, 2007, Mr. Nayak submitted a final appeal to the NBME for reconsideration of its decision to disallow reasonable testing accommodations related to his disabilities.

**ANSWER:**

NBME admits that by letter dated November 16, 2007, Plaintiff, through counsel, requested that NBME reconsider its determination that he was not entitled to certain testing accommodations. NBME denies the remaining allegations of Paragraph 6.

## Paragraph 7

On December 3, 2007, Mr. Nayak received the NBME's rejection of his final appeal for reconsideration of its decision to disallow reasonable accommodation related to his disability.

**ANSWER:**

NBME admits by letter dated November 30, 2007, it affirmed its prior decision that Plaintiff had not presented sufficient documentation to establish eligibility under the ADA for certain testing accommodations. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Plaintiff received NBME's decision regarding its reconsideration of his request and therefore denies the same. NBME also denies the remaining allegations of Paragraph 7.

### Paragraph 8

Mr. Nayak is currently registered to take the USMLE Step 1 on February 21, 2008, which is quickly approaching. Mr. Nayak must take the USMLE Step 1 in order to begin his third year of medical school in March of 2008, and in order to continue with his third year, he must pass the USMLE Step 1.

**ANSWER:**

NBME denies the allegations in Paragraph 8.

### Paragraph 9

The Defendant's denial of Mr. Nayak's request for reasonable testing accommodations violates the ADA. Mr. Nayak seeks injunctive relief to prevent Defendant from continuing to violate the ADA and to require Defendant to provide Mr. Nayak his requested reasonable testing accommodations on the USMLE Step 1.

**ANSWER:**

NBME denies the allegations in Paragraph 9.

### Paragraph 10

Plaintiff, David A. Nayak, resides in Chicago, Illinois. Mr. Nayak is enrolled as a medical student at UIC and has successfully completed his first and second years of medical school.

**ANSWER:**

NBME admits that Plaintiff has represented that he is currently a medical student at UIC and has completed his first and second years of medical school. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Plaintiff resides and therefore denies the same. NBME denies the remaining allegations in Paragraph 10.

## Paragraph 11

Defendant, National Board of Medical Examiners, is an independent, not-for-profit organization that provides standardized licensing examinations for the medical profession, including the USMLE Step 1, throughout the United States and in the State of Illinois, including the Northern District of Illinois. The NBME's offices and principal place of business are located in Philadelphia, Pennsylvania.

**ANSWER:**

NBME admits the allegations in Paragraph 11.

## Paragraph 12

This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. §2000a-3(a), providing for civil actions by any person being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

**ANSWER:**

NBME admits that this Court has jurisdiction over the instant action. NBME denies the remaining allegations in Paragraph 12.

## Paragraph 13

Venue in this District is proper under 28 U.S.C. § 1391(b)(1) in that the acts of discrimination complained of and resultant injuries are occurring and will continue to occur in this District because the Defendant resides in (i.e., is subject to personal jurisdiction in) this District.

**ANSWER:**

NBME admits that venue is proper in this district.  NBME denies the remaining allegations of Paragraph 13.

## Paragraph 14

Mr. Nayak was diagnosed with Attention Deficit Disorder ("ADD") in August of 1997.  Since then, Mr. Nayak has repeatedly been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") in 2001, 2002 and 2007.

**ANSWER:**

NBME admits that Plaintiff submitted documentation to NBME supporting his contention that he has been diagnosed at various times with Attention Deficit Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD").   NBME denies the remaining allegations of Paragraph 14.

## Paragraph 15

As a result of his ADHD, Mr. Nayak has consistently experienced substantial limitations with reading, concentrating and thinking in comparison to most people.

**ANSWER:**

The allegations of Paragraph 15 state a legal conclusion to which no answer is required.  To the extent the allegations can be read to contain any factual allegations, NBME denies that Plaintiff is substantially limited in reading, concentrating, and thinking as compared to most people..

## Paragraph 16

As a result of his ADHD, Mr. Nayak spends extremely long periods of time to complete academic assignments and work that involves reading. Mr. Nayak constantly re-reads words in order to understand their meaning and must spend substantially more time than his non-disabled peers to complete academic assignments.

**ANSWER:**

NBME denies the allegations in Paragraph 16.

### Paragraph 17

Mr. Nayak's limited ability to read, concentrate and think directly and significantly impacts his daily life. As a result of his ADHD, Mr. Nayak must spend an inordinate amount of time reading written information in order to understand and synthesize the information.

**ANSWER:**

NBME denies the allegations in Paragraph 17.

### Paragraph 18

In high school, Mr. Nayak took academic examinations without the accommodations of extended time and an isolated testing environment and, because of his ADHD, he was not able to perform to his true abilities.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

### Paragraph 19

After being diagnosed with ADHD in high school, Mr. Nayak began taking medication for his ADHD and requesting and receiving testing accommodations.

**ANSWER:**

NBME admits Plaintiff has submitted documentation to NBME supporting his contention that he was diagnosed with ADHD. NBME states that it is without knowledge or

information sufficient to form a belief as to the truth of the allegations regarding when or whether Plaintiff began taking medication or received testing accommodations and therefore denies same.  NBME denies the remaining allegations in Paragraph 19.

## Paragraph 20

> Throughout high school, college and medical school, Mr. Nayak requested and received testing accommodations based upon his ADHD.  Specifically, Mr. Nayak requested and received testing accommodations on standardized college and medical school entrance examinations, and on high school, college and medical school exams.  Mr. Nayak received testing accommodations in the forms of extended time (including un-timed, double-time, and time and a half) and isolated testing environments.  These testing accommodations allowed Mr. Nayak to perform to his true abilities and his standardized examination scores improved.

**ANSWER:**

NBME admits Plaintiff has submitted documentation to NBME representing that he received certain testing accommodations in high school, college and medical school.  NBME denies the remaining allegations in Paragraph 19.

## Paragraph 21

> Mr. Nayak has been prescribed medication to address the effects of his ADHD and currently takes such medication.  Although he takes medication that alleviates certain of his ADHD symptoms, he remains substantially limited in a variety of major life activities, including reading, concentrating and thinking.

**ANSWER:**

NBME admits Plaintiff has submitted documentation to NBME suggesting that has been prescribed certain medication.  Answering further, NBME states that the last clause of Paragraph 21 states a legal conclusion to which no answer is required.  To the extent the second sentence can be read to contain any factual allegations, NBME denies same and denies the remaining allegations of Paragraph 21.

**Paragraph 22**

In October of 2005, Mr. Nayak began experiencing symptoms of extreme malaise, hyper-somnolence, lack of focus and energy, muscle weakness and intolerability to cold temperature. These symptoms were diagnosed as Hashimoto's Thyroiditis ("Hashimoto's) and Acute mononucleosis. Mr. Nayak was prescribed 100 mcg of Synthroid, PO, daily to treat this illness, and he continues to take this medication to the present date.

**ANSWER:**

NBME admits Plaintiff has submitted documentation to NBME indicating that has been diagnosed with Hashimoto's Thyroiditis and Acute mononucleosis and that he has been prescribed 100 mcg of Synthroid. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what symptoms Plaintiff may have experienced or whether Plaintiff currently takes any medication for Hashimoto's Thyroiditis or Acute mononucleosis and therefore denies same. NBME denies the remaining allegations in Paragraph 22.

**Paragraph 23**

In July of 2006, Mr. Nayak again began experiencing continuous extreme fatigue and suffered a dramatic unintentional weight loss (30 pounds in a three month period). These symptoms were diagnosed as Chronic Fatigue Syndrome, secondary to Chronic-Reactive Mononucleosis ("Chronic Mono").

**ANSWER:**

NBME admits Plaintiff has submitted documentation to NBME indicating that has been diagnosed with Chronic Fatigue Syndrome secondary to Chronic-Reactive Mononucleosis. NBME is without knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 23 and therefore denies same.

**Paragraph 24**

Mr. Nayak has active symptoms of Hashimoto's and Chronic Mono. Mr. Nayak's current physical state reflects these results, as he continues to battle fatigue and to struggle with maintaining focus and energy on a daily basis despite the medication he is taking.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

### Paragraph 25

Pursuant to the ADA, a person has a disability if he or she has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

**ANSWER:**

NBME admits that Paragraph 25 accurately quotes 42 U.S.C. § 12102 but denies the remaining allegations in Paragraph 25.

### Paragraph 26

Mr. Nayak has disabilities as defined by the ADA because he has the physical and mental impairments of ADHD, Hashimoto's and Chronic Mono that substantially limit a variety of major life activities, including reading, concentrating, thinking and working.

**ANSWER:**

NBME denies the allegations in Paragraph 26.

### Paragraph 27

Mr. Nayak's deficient abilities in reading, concentrating and thinking specifically impair the condition, manner and duration under which he is able to perform these major life activities in comparison to most people.

**ANSWER:**

NBME denies the allegations in Paragraph 27.

**Paragraph 28**

> Passing the USMLE Step 1 is a requirement of becoming a duly licensed medical doctor. Furthermore, residency programs use USMLE Step 1 scores to determine eligibility to be admitted into such programs. Mr. Nayak seeks to become licensed as a medical doctor and to obtain a residency in the highly competitive areas of internal medicine, emergency medicine or neurology.

**ANSWER:**

NBME admits that state licensing authorities require applicants for licensure to pass the three steps of the USMLE. NBME further admits that according to documentation submitted by Plaintiff to NBME, he wishes to become a licensed medical doctor and seeks to obtain a residency in internal medicine, emergency medicine, or neurology. Answering further, NBME denies the remaining allegations of Paragraph 28.

**Paragraph 29**

> Residency programs will use Mr. Nayak's score on the USMLE Step 1 to determine whether he is a qualified candidate for their programs. Thus, the consequence of a failing or low score is that Mr. Nayak may be excluded from selection to residency programs he has the true ability to enter.

**ANSWER:**

NBME denies the allegations in Paragraph 29.

**Paragraph 30**

> With respect to the USMLE Step 1, Mr. Nayak's disabilities substantially limit his ability to take the USMLE Step 1 in comparison to other second year medical students.

**ANSWER:**

NBME denies the allegations in Paragraph 30.

**Paragraph 31**

If Mr. Nayak is denied reasonable testing accommodations on the USMLE Step 1, it is likely that he will fail the examination as a result of his un-accommodated mental and physical disabilities. Thus, Mr. Nayak will be substantially limited in the major life activity of "working".  Mr. Nayak will be precluded from performing any of the broad class of jobs that require a medical degree.

**ANSWER:**

NBME denies the allegations in Paragraph 31.

**Paragraph 32**

If Mr. Nayak is denied reasonable testing accommodations on the USMLE Step 1 and receives a low but passing score, he will be precluded from eligibility to enter into the residency programs he is truly qualified for.

**ANSWER:**

NBME denies the allegations in Paragraph 32.

**Paragraph 33**

The ADA specifically prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1.  42 U.S.C. § 12189.

**ANSWER:**

NBME admits the allegations in Paragraph 33.

**Paragraph 34**

As the administrator and provider of the USMLE Step 1, a professional licensing examination, the NBME is covered by the ADA.  42 U.S.C. § 12189.

**ANSWER:**

NBME admits the allegations of Paragraph 34.

**Paragraph 35**

Pursuant to the ADA, the NBME is required to offer the USMLE Step 1 "in a place and manner accessible to persons with disabilities or to offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

**ANSWER:**

NBME admits that Paragraph 35 quotes 42 U.S.C. § 12189, except that the word "to" does not appear in the statute prior to "offer alternative accessible arrangements." NBME denies the remaining allegations of Paragraph 35.

## Paragraph 36

ADA Regulations provide that testing accommodations for professional examinations "may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(1)(i).

**ANSWER:**

NBME denies the allegations in Paragraph 36.

## Paragraph 37

The NBME's refusal to provide Mr. Nayak's requested testing accommodations is a refusal to offer the USMLE Step 1 to Mr. Nayak in a place and manner accessible to him or to offer him alternative accessible testing arrangements.

**ANSWER:**

NBME denies the allegations in Paragraph 37.

## Paragraph 38

Pursuant to ADA regulations, when professional examinations are administered to individuals with disabilities, the examinations must be administered so as to accurately reflect the individual's aptitude or achievement level rather than his or her impairment. 28 C.F.R. § 36.309(b)(1)(i).

**ANSWER:**

NBME admits that 28 C.F.R. § 36.309(b)(1)(i) is one of the ADA regulations. NBME denies the remaining allegations in Paragraph 38 and states that the regulation speaks for itself.

## Paragraph 39

The NBME's refusal to provide Mr. Nayak's requested testing accommodations in administering the USMLE Step 1 is a refusal to allow Mr. Nayak to take the USMLE Step 1 in a manner accessible to him such that the examination reflects his aptitude or achievement level rather than his impairment.

**ANSWER:**

NBME denies the allegations in Paragraph 39.

## Paragraph 40

Because of the NBME's refusal to grant Mr. Nayak reasonable testing accommodations for the USMLE Step 1, the NBME is in violation of § 12189 of the ADA.

**ANSWER:**

NBME denies the allegations in Paragraph 40.

## Paragraph 41

By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has violated § 12182(a) of the ADA by discriminating against an individual with a disability in the full and equal enjoyment of the services, facilities and accommodations it offers.

**ANSWER:**

NBME denies the allegations in Paragraph 41.

## Paragraph 42

By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has denied Mr. Nayak the opportunity to participate in and benefit from the services, facilities, and accommodations it provides to

other medical students on an equal basis with those students, in violation of § 12182(b)(1)(A)(i) of the ADA.

**ANSWER:**

NBME denies the allegations in Paragraph 42.

### Paragraph 43

By refusing to give Mr. Nayak the reasonable testing accommodations he requested for the USMLE Step 1, the NBME has violated § 12182(b)(2)(A)(ii) of the ADA in refusing to make reasonable modification of its policies, practices, and procedures, when such modifications are necessary to afford such services to Mr. Nayak as a result of his disabilities.

**ANSWER:**

NBME denies the allegations in Paragraph 43.

### Paragraph 44

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 herein as set forth in their entirety.

**ANSWER:**

NBME incorporates its answers to Paragraphs 1 through 43 herein as if set forth in their entirety.

### Paragraph 45

The Declaratory Judgment Act authorizes a federal court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

**ANSWER:**

NBME admits Paragraph 45 accurately quotes a portion of 28 U.S.C. § 2201.

### Paragraph 46

In this case, there is a substantial controversy between Plaintiff and Defendant. Plaintiff and Defendant have adverse legal interests of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:**

NBME states that the allegations of Paragraph 46 state a legal conclusion to which no answer in required.  To the extent Paragraph 46 can be read to contain any factual allegations, NBME denies same.

### Paragraph 47

There is an actual controversy between Plaintiff and Defendant regarding whether Defendant can refuse reasonable testing accommodations under the ADA to Plaintiff on the USMLE Step 1.

**ANSWER:**

NBME states that the allegations of Paragraph 47 state a legal conclusion to which no answer in required.  To the extent Paragraph 46 can be read to contain any factual allegations, NBME denies same.

### Paragraph 48

The controversy is sufficiently immediate given that Plaintiff must take the USMLE Step 1 on February 21, 2008 in order to begin his third year of medical school at UIC in March of 2008.

**ANSWER:**

NBME denies the allegations in Paragraph 48.

### Paragraph 49

Defendant's actions in denying Plaintiff reasonable testing accommodations on the USMLE Step 1 will irreparably harm Plaintiff if allowed to continue.  Postponing a decision regarding the legality of Defendant's actions would cause substantial hardship to Plaintiff.

**ANSWER:**

NBME denies the allegations in Paragraph 49.

## Paragraph 50

A declaratory judgment that Defendant is in violation of the ADA will serve a useful purpose in clarifying and settling the dispute at issue.

**ANSWER:**

NBME denies the allegations in Paragraph 50.

## Paragraph 51

A declaratory judgment that Defendant is in violation of the ADA will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to Plaintiff's action against Defendant.

**ANSWER:**

NBME denies the allegations in Paragraph 51.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1)      Declare that Plaintiff is an individual with a disability under Title III of the ADA, who is entitled to the reasonable modification of double time in an isolated testing environment with appropriately monitored break periods to take the USMLE Step 1, as well as any other examinations offered and conducted by the Defendant;

2)      Declare that Defendant is in violation of the ADA by refusing to provide Plaintiff reasonable testing accommodations on the USMLE Step 1;

3)      Enjoin the Defendant, or those acting as agents or in concert with it, from committing or causing violations of the ADA by refusing to provide the Plaintiff with reasonable testing accommodations on the USMLE Step 1;

4)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of double the amount of time to take the USMLE Step 1 that is provided to non-disabled medical students;

5)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of an isolated testing environment to take the USMLE Step 1;

6)      Order the Defendant, or those acting as agents or in concert with it, to provide Plaintiff with the reasonable accommodation of appropriately monitored break periods during the USMLE Step 1;

7)      Order the Defendant to pay all the costs of litigation, including attorney's fees, pursuant to 42 U.S.C. § 12205; and,

8)      Provide such other relief as the Court may deem necessary and just.

**ANSWER:**

NBME denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "Wherefore" Paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim of violation of the ADA upon which relief may be granted.

### SECOND DEFENSE

NBME alleges that its conduct with respect to Plaintiff was lawful, fully justified, supported by good faith, and in furtherance of the public's interests.

### THIRD DEFENSE

The granting of injunctive relief to Plaintiff would violate the public policy.

### FOURTH DEFENSE

NBME reserves the right to raise additional affirmative defenses.

WHEREFORE, NBME respectfully requests that this Court deny all relief requested by Plaintiff, dismiss Plaintiff's Complaint with prejudice, award NBME its costs and reasonable attorney's fees, and award NBME any other relief this Court deems just and proper.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL EXAMINERS

By:_____/s/ Joseph J. Torres_____
          One of Its Attorneys

Joseph J. Torres
Aviva Grumet-Morris
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
jtorres@winston.com
agmorris@winston.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys for Defendant National Board of Medical Examiners, hereby certifies that on February 19, 2008, a true and correct copy of the foregoing ANSWER TO COMPLAINT was filed electronically with the Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Mary Elisabeth Gardner  (mgardner@mwe.com)
John Andrew Litwinski (jlitwinski@mwe.com)
Karen I. Ward (Karen@equipforequality.org)

/s/ Joseph J. Torres_____
Joseph J. Torres

20

CHI:2047538.3