IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. NAYAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-634 |
| v. ) | |
| ) | Hon. James B. Zagel |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS ) | Magistrate Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS
MOOT AND FOR FAILING TO ALLEGE A RIPE CASE OR CONTROVERSY**

Defendant, The National Board of Medical Examiners ("NBME"), moves to dismiss Plaintiff's Complaint for mootness and for failing to allege a ripe case or controversy. In support thereof, NBME states as follows:

1. On January 29, 2008, Plaintiff David A. Nayak ("Plaintiff") filed a Complaint under Title III of the Americans with Disabilities Act ("ADA") that sought an order directing NBME to give him (1) "double-time" in which to take Step 1 of the United States Medical Licensing Examination ("USMLE"), (2) an "isolated testing environment," and (3) "appropriately monitored breaks." *See* Complaint at 10, ¶¶ 1, 4–6. Plaintiff also sought the same relief for "any other examinations offered and conducted by the Defendant," as well as an award of costs, including attorney's fees. *See* Complaint at 10, ¶¶ 1, 7.

2. On February 12, 2008, the Court granted Plaintiff's Motion for Expedited Discovery and Trial Schedule, which Plaintiff had premised on his desire to take the USMLE Step 1 examination before May 31, 2008. *See* Motion for Expedited Discovery and Trial Schedule at 3, ¶¶ 7–8.

3. While discovery was still ongoing, Plaintiff took Step 1 of the USMLE on March 17 and 18, 2008 without the accommodation of additional testing time. The NBME granted him additional break time to be administered over a two day period.

4. On April 9, 2008, the NBME made available to Plaintiff the information that he had received a passing score on his USMLE Step 1 examination.

5. Under the rules of USMLE, an examinee who has passed a Step examination cannot take that Step again.

6. When a plaintiff no longer needs the relief that he or she has requested, the case is moot and the court lacks jurisdiction. *See Barr v. Nat'l Conference of Bar Exam'rs*, No. 98-6216, 1999 WL 317547, at *3 (10th Cir. May 20, 1999) (holding that plaintiff's request for injunctive relief was moot once he passed MPRE and that it would be "absurd" to order an accommodation request at that point); *Christian v. New York State Bd. of Law Exam'rs*, 899 F. Supp. 1254, 1256 (S.D.N.Y. 1995) (holding that passage of bar exam eliminated case or controversy and that plaintiff's performance on exam would have precluded a trier of fact from finding that plaintiff was entitled to an accommodation); *see also Little v. Graber*, No. 01 C 7574, 2002 WL 221572, at *2 (N.D. Ill. Feb. 13, 2002) (finding case mooted where party had already received all relief to which he was entitled). The only remedy available under Title III of the ADA is injunctive relief. *See Filardi v. Loyola Univ.*, No. 97 C 1814, 1998 WL 111683, at *5 (N.D. Ill. Mar. 12, 1998).

7. A plaintiff must also satisfy the constitutional requirements of Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating the elements of Article III standing as including (1) an "injury in fact"; (2) a causal connection between the alleged injury and the conduct complained of; and (3) a likelihood rather than a speculative

chance that the alleged injury will be "redressed by a favorable decision"). If at any time during an action one of these requirements ceases to exist, a court loses its jurisdiction and the claim must be dismissed as moot. *See Filardi*, 1998 WL 111683, at *4 ("Mootness has been defined as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence.'") (quoting *U.S. Parole Comm. v. Geraghty*, 445 U.S. 388, 397 (1980)).

8. Under the foregoing precedent, Plaintiff's request for injunctive relief regarding the Step 1 exam is moot because Plaintiff has taken and passed that test and consequently is no longer in need of the injunctive relief he sought. Because Plaintiff lacks constitutional standing with respect to Step 1 of the USMLE, his Complaint as to Step 1 must be dismissed in its entirely. *See Filardi*, 1998 WL 111683, at *3 (dismissing complaint under Title III of ADA where plaintiff had already graduated and failed to show a threat of future injury, prompting the court to find that it "lacks 'an existing controversy' to exercise jurisdiction over a claim seeking injunctive relief"); *see also id.* at *4 (dismissing complaint because "plaintiff's graduation from [defendant] Loyola renders her claims for injunctive relief moot").

9. The fact that Plaintiff also seeks attorney's fees and costs does not lead to a different result. As the Supreme Court has made clear, the potential for recovery of attorney's fees is insufficient to confer jurisdiction over a complaint that is otherwise substantively moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) ("This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."); *Weigand v. Village of Tinley Park*, 129 F. Supp. 2d 1170, 1172 (N.D. Ill. 2001) ("The defendants rightly contend that under Article III, there must be a live case or controversy at every stage of the litigation, and that attorney's fees alone do not provide

enough of an interest to prevent a dismissal for mootness."). Moreover, Plaintiff is currently proceeding *pro se*, and therefore has no attorney's fees to be awarded.

10. Finally, to the extent Plaintiff also seeks relief as to future Steps of the USMLE, *see* Complaint at 10, ¶ 1; Motion for Expedited Trial at 1, ¶ 1, that claim is not ripe. "Cases are unripe when the parties point only to hypothetical, speculative or illusory disputes as opposed to actual, concrete conflicts." *See Whitburn v. Sullivan*, 975 F.2d 1329, 1333 (7th Cir. 1992). At this point in time, it is unknown whether Plaintiff will request accommodations for future USMLE Step examinations and if so, what accommodations he will seek. Also unknown is whether NBME will provide some, all, or none of the requested accommodations. Indeed, it is not certain when or even if Plaintiff will take later Steps of the USMLE. As a result of this uncertainty, a dispute with respect to future USMLE Steps is, at best, "hypothetical, speculative or illusory" and, therefore, unripe for consideration by the Court at this juncture.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

THE NATIONAL BOARD OF MEDICAL EXAMINERS

By: /s/ Joseph J. Torres
    One of Its Attorneys

Joseph J. Torres
Aviva Grumet-Morris
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
jtorres@winston.com
agmorris@winston.com

4

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, National Board of Medical Examiners, certifies that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint As Moot And For Failing To Allege A Ripe Case Or Controversy, was filed electronically with the Court. A true and correct copy of the foregoing Motion to Dismiss was also served upon the following party by Federal Express on this 9th day of April, 2008.

David A. Nayak<br>
345 E. Ohio St., Apt. 1410<br>
Chicago, IL  60611

By: /s/ Aviva Grumet-Morris
       One of Defendant's Attorneys